1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QIAN C.,

       Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. C22-1032-DGE

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS**

13

14

15

16

17

   This matter is before the Court on Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.  (Dkt. 4).  Defendant contends that because Plaintiff failed to exhaust the remedies set forth in the Social Security Act ("the Act") prior to filing his complaint, and because he identified the wrong defendant in the complaint, Plaintiff cannot seek this Court's review of his complaint.  (*Id.*)

18

19

20

   After considering the record, the Court concludes Plaintiff did not exhaust the remedies set forth in the Act and is thus unable to invoke this Court's review of his complaint. Accordingly, the Court GRANTS Defendant's motion to dismiss.

21

22

23

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 1

### I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a recipient of Supplemental Security Income ("SSI") benefits under the Act. (*See* Dkt. Nos. 4, 5.)  Between June 2017 and December 2018, Plaintiff received an overpayment of his SSI benefits because Plaintiff's resources exceeded the $2,000 statutory limit and he was absent from the United States for more than one full calendar month in late 2017.  (*See* Dkt. No. 4-3 at 1; 20 C.F.R. §§ 416.120, 416.215.)  To partially recover this initial overpayment, Defendant recouped 10 percent of Plaintiff's monthly benefits from his November 2020 to June 2020 payments.  (Dkt. Nos. 4 at 3; 5 at 2.)  In response, Plaintiff submitted a waiver request on November 30, 2020, which, if approved, would relieve him of his obligation to repay the overpayment.  (*Id*.; 20 C.F.R. § 416.551.)

On March 3, 2022, Plaintiff filed a *pro se* small claim against the "Social Security Office of Bellevue" in King County District Court of Washington, alleging "Fraudulent deduction of S.S.I. benefits."  (Dkt. No. 1-1 at 2.)[1]  Plaintiff's complaint was then removed from state court to this Court.  (Dkt. No. 1.)  Plaintiff's waiver request was eventually denied on June 21, 2022. (Dkt. Nos. 4 at 3; 5 at 2.)

On July 28, 2022, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  (Dkt. No. 4.)  Defendant contends that because Plaintiff failed to exhaust his remedies prior to filing his complaint, and because he identified the wrong defendant in the complaint, the Court should dismiss the case pursuant to Federal Rule of

---

[1] Plaintiff was also found to have received overpayment between February 1, 2022 and July 1, 2022 because his resources exceeded the $2,000 limit. (Dkt. No. 4–2 at 1–5.)  Because the SSA did not issue the notice of this second overpayment until July 18, 2022, after Plaintiff filed his complaint, Defendant presumes, and the Court agrees, that Plaintiff's complaint refers to the issuance of his initial overpayment.  (*See* Dkt. No. 4 at 4.)

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 2

1  Civil Procedure 12(b)(6).  (*Id.*)  Plaintiff filed no response to Defendant's motion, which was

2  noted for consideration on August 19, 2022.  (*Id.* at 1.)

## II.     DISCUSSION

4  A plaintiff seeking a judicial review of the denial of his or her benefits under the Act

5  must first exhaust the remedies set forth in the Act.  *See* 42 U.S.C. § 405(g); *Subia v. Comm. of*

6  *Soc. Sec.*, 264 F.3d 899 (9th Cir. 2001); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir.

7  1989).  Section 405(g) of the Act specifically states, "a civil action may be brought only after (1)

8  the claimant has been party to a hearing held by the [Commissioner], and (2) the [Commissioner]

9  has made a final decision on the claim."  *Bass*, 872 F.2d at 833.  A claimant obtains the

10 Commissioner's "final decision" about his or her entitlement to benefits only after completing

11 the four steps of the administrative review process: (1) obtaining an initial determination; (2)

12 obtaining a reconsideration determination; (3) participating in a hearing before an Administrative

13 Law Judge ("ALJ"); and (4) obtaining the Appeals Council review of the ALJ's

14 decision.  *See* 20 C.F.R. § 416.1400(a)(1)–(5).

15 The administrative appeal process also applies to the determination of overpayment of

16 benefits and the denial of a claimant's waiver request, thus, both are considered initial

17 determinations.  *See* 20 C.F.R. §§ 416.1402(c) ("Initial determinations regarding supplement

18 security income benefits include . . . whether an overpayment of benefits must be repaid to us");

19 416.557(f) ("If it appears that the waiver cannot be approved . . .  a decision regarding the waiver

20 will be made based on the written evidence of record. Reconsideration is the next step in the

21 appeals process.")

22 In this case, Plaintiff received only initial determinations after he received Defendant's

23 notification about his overpayment between June 2017 and December 2018, and after his request

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 3

for a waiver was denied on June 21, 2022.  There is nothing else in the record that suggests

Plaintiff completed the remaining steps in the administrative process.  The record does not

indicate that Plaintiff, after receiving both his overpayment notice and waiver denial, proceeded

to request a reconsideration of the determination of his overpayment, a hearing before an ALJ,

and then a review of the ALJ's decision by the Appeals Council, as required by the Act.  *See* 20

C.F.R. § 416.1402(a)(1).  For Plaintiff to properly invoke this Court's review, Plaintiff needed to

have obtained a "final decision" from the Commissioner by completing these procedures first.

Plaintiff did not do so here, thus there is nothing for the Court to review.  The Court,

accordingly, must dismiss Plaintiff's claim for failure to state a claim upon which relief can be

granted.

Defendant also contends Plaintiff failed to name a proper defendant by naming the

"Social Security Office of Bellevue" as the defendant in his complaint.  (Dkt. 4 at 7.)  As

Defendant points out, for claims arising out of the Act, the proper defendant is "the person

holding the Office of the Commissioner."  (*Id.*) (citing 20 C.F.R. § 422.210(d))).  But because

the Court is unable to review Plaintiff's claim for the reasons already discussed, the Court

declines to address this argument.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

### III.    ORDER

Based on the foregoing reasons, the Court hereby finds Plaintiff failed to exhaust the remedies set forth in the Act and is thus unable to invoke this Court's review of his complaint. Accordingly, Defendant's motion to dismiss (Dkt. No.4) is granted.

DATED this 29th day of August 2022.

David G. Estudillo
United States District Judge